THOMPSON
HINE

ATLANTA          CINCINNATI          COLUMBUS          NEW YORK
CHICAGO          CLEVELAND          DAYTON          WASHINGTON, D.C.

*Via ECF*

June 25, 2025

Hon. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      RE:   *Wages and White Lion Investments, LLC d/b/a Triton Distribution v.*
           *FDA*, Case No. 21-60766 (consolidated with No. 21-60800)
           Supplemental Letter Brief in Response to June 11, 2025 Directive

Dear Mr. Cayce:

      I write on behalf of Petitioners Wages and White Lion Investments, LLC d/b/a Triton Distribution and Vapetasia LLC in response to the Court's June 11, 2025 directive regarding the next steps Petitioners recommend on remand in the above-referenced case following the Supreme Court's vacatur of this Court's *en banc* decision in *Food and Drug Administration v. Wages & White Lion Investments, LLC*, 145 S. Ct. 898 (2025).

      Petitioners respectfully submit that, on remand, the case should again be heard by the Court *en banc*. The Fifth Circuit's Internal Operating Procedures provide that "[r]emands from the Supreme Court of the United States are sent to the original panel for disposition when the Supreme Court's judgment is received." 5th Cir. I.O.P. following 5th Cir. R. 27. While Petitioners were unable to find any previous examples of cases in the unique procedural posture presented here (i.e., vacatur and remand of an *en banc* decision), hearing *en banc* would be consistent with the principle underlying the Court's operating procedures—namely, that the case be

Eric.Heyer@ThompsonHine.com  Fax: 202.331.8330  Phone: 202.263.4128

THOMPSON HINE LLP          1919 M Street, N.W.          www.ThompsonHine.com
ATTORNEYS AT LAW          Suite 700          Phone:  202.331.8800
                         Washington, D.C. 20036-3537          Fax:  202.331.8330



June 25, 2023
Page 2

heard on remand by the same judges of this Court that decided the case and issued the opinion and judgment on which the Supreme Court granted certiorari.[1]

Petitioners also respectfully submit that the Court should issue a scheduling order that directs Petitioners to submit a supplemental brief that does not exceed 9,000 words within 30 days of the date of the Court's order, Respondent to submit a supplemental brief that does not exceed 9,000 words within 30 days thereafter, and Petitioners to submit any reply supplemental brief that does not exceed 4,500 words within 21 days after submission of Respondent's brief.

Petitioners intend to address two principal points in their supplemental brief. *First*, in its *en banc* decision, this Court concluded that FDA failed to follow required notice-and-comment procedures before adopting what amounted to a tobacco product standard under 21 U.S.C. § 387g. *Wages & White Lion Invs., LLC v. FDA*, 90 F.4th 357, 384 n.5 (2024). Although Petitioners briefed this notice-and-comment issue before the Supreme Court, in its opinion, the Supreme Court specifically declined to reach the question and "express[ed] no view on its merits":

> The question we agreed to decide is whether the FDA acted arbitrarily and capriciously in denying respondents' applications for premarket approval of their tobacco products. . . . But before tackling that question, we briefly address as a preliminary matter an argument that is touched on in respondents' brief: namely, that either the APA or the TCA required the FDA to use notice-and-comment rulemaking to set out the requirements that must be met in a premarket tobacco product application.
>
> . . . . Of course, if a statute requires rulemaking, the affected agency must comply. . . . And that is what respondents claim in passing

---

[1] Judge Oldham, who wrote the majority *en banc* opinion, was not part of the original merits panel, which consisted of Judge Jones, Judge Haynes, and former Judge Costa.



June 25, 2023
Page 3

here. Respondents' defense of the decision below is based almost entirely on 5 U. S. C. § 706(2)(A) and related case law. But their brief also suggests that the FDA's decision to issue denials based on standards developed in adjudication violated other provisions of the APA and TCA that, they claim, required notice-and-comment rulemaking. See Brief for Respondents 47-49, and n. 33. This echoes an argument the Court of Appeals made in a short footnote. See 90 F. 4th, at 384, n. 5 (citing 21 U. S. C. §§ 387g(a)(1)(A), (a)(2), (c)-(d)).

We did not grant certiorari on that question, and without adequate briefing, it would not be prudent to decide it here. See *Anza* v. *Ideal Steel Supply Corp.*, 547 U. S. 451, 461, 126 S. Ct. 1991, 164 L. Ed. 2d 720 (2006). Accordingly, we do not reach that question and express no view on its merits.

145 S. Ct. at 915-16.

Because the Supreme Court declined to address this Court's conclusion that FDA failed to comply with notice-and-comment requirements, this Court is not precluded from further considering that issue on remand.[2] *See*, *e.g.*, *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 258 (1984) ("On remand Kerr-McGee is free to reassert any claims it made before the Court of Appeals which were not addressed by that court or by this opinion . . . .") (merits later superseded by statute); *Franklin v. Regions Bank*, 125 F.4th 613, 631 (5th Cir. 2025) ("It is difficult to square how the law-of-the-case doctrine or the mandate rule could bar adjudication of an issue that has gone previously unaddressed . . . [and] [s]uch a reading runs headlong into this Court's precedent, previously accepted practices, and common sense."); *Westwego Citizens for Better Gov't v. Westwego*, 906 F.2d 1042, 1043-44 (5th Cir. 1990) ("This circuit has previously held that where we remand for further findings but also note that additional 'proceedings' may be involved, our mandate does not

---

[2] To the extent FDA may disagree, the parties' positions on the proper scope of this Court's review on remand should be addressed in the substantive supplemental briefs themselves.



'tie the lower court's hands . . . to a bedpost forcing it to stare only at' the record before it.") (quoting *Doran v. Petroleum Mgmt Corp.*, 576 F.2d 91, 92 (5th Cir. 1978) (alteration in original); *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997) ("Broadly speaking, mandates require respect for what the higher court decided, not for what it did not decide."); *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) ("[A]lthough the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it leaves to the [lower] court any issue not expressly or impliedly disposed of on appeal.") (cleaned-up); *Beltran v. Myers*, 701 F.2d 91, 93-94 (9th Cir. 1983) ("In this case, the Supreme Court's *per curiam* decision did not reach the merits of the validity of California's pre-amendment transfer of assets rule . . . [and] [t]herefore, the issue was not foreclosed from reconsideration on remand.").

*Second*, in its *en banc* decision, this Court concluded that "APA errors are only harmless where the agency would be required to take the same action no matter what. In all other cases, an agency cannot avoid remand." 90 F.4th at 390. Upon review, the Supreme Court found that while this formulation was "certainly a plausible interpretation of *Calcutt*," 145 S. Ct. at 929, ultimately, the existence of at least one other exception demonstrates that "the Fifth Circuit's reading of *Calcutt* went too far," 145 S. Ct. at 930. After noting that, at oral argument, FDA requested only vacatur and remand so that this Court could "decide the question afresh without relying on its overly expansive reading of *Calcutt*," the Supreme Court indicated it would "follow that course." 145 S. Ct. at 931. Petitioners thus plan to also address the proper application of the remand and harmless error rules to FDA's failure to consider the contents of Petitioners' marketing and sales-access restriction plans during the agency's review of their applications.

Finally, to the extent that FDA may unilaterally move to now review the marketing and sales-access restriction plans in Petitioners' applications as a way to avoid this Court's further review on remand, while such a review could potentially address the harmless error / remand rule issue highlighted by the Supreme Court's opinion, it would not address FDA's failure to engage in the required notice-and-comment procedures and so would not potentially render moot all issues properly before this Court on remand.



June 25, 2023
Page 5

Respectfully submitted,

/s/ Eric N. Heyer

*Counsel for Petitioners*
*Wages and White Lion Investments, LLC*
*d/b/a Triton Distribution and Vapetasia LLC*

cc (via CM/ECF):  Counsel of Record