**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

WAGES AND WHITE LION
INVESTMENTS, L.L.C., doing business
as TRITON DISTRIBUTION,

*Petitioner,*

*v.*

FOOD & DRUG ADMINISTRATION,

*Respondent.*

No. 21-60766
(consolidated with
No. 21-60800)

**MOTION TO HOLD PROCEEDINGS IN ABEYANCE
PENDING FURTHER AGENCY REVIEW**

Pursuant to Circuit Rule 27, the government moves to hold these

proceedings in abeyance pending further agency review. Following the

Supreme Court's decision in this case, *FDA v. Wages & White Lion Invs.,*

*LLC*, 145 S. Ct. 898 (Apr. 2, 2025), the U.S. Food and Drug Administration

(FDA) intends to voluntarily consider the specifics of the marketing plans

proposed in petitioners' applications. FDA would administratively stay its

denial orders pending this further review. Accordingly, the government

requests that the Court hold this case in abeyance pending the review, as it

is in *SWT Global Supply, Inc. v. FDA*, No. 21-60762 (5th Cir.). Petitioners

have stated that they will provide their position on this request after
reviewing the filed motion.

**DISCUSSION**

1.  The Family Smoking Prevention and Tobacco Control Act (TCA)
instructs that FDA "shall deny" a manufacturer's application to market a
new tobacco product if the agency finds a "lack of a showing that permitting
such tobacco product to be marketed would be appropriate for the
protection of the public health." 21 U.S.C. § 387j(c)(2). In applying that
standard, FDA must evaluate "the risks and benefits to the population as a
whole," taking into account both the "likelihood that those who do not use
tobacco products will start using such products" and the "likelihood that
existing users of tobacco products will stop." *Id*. § 387j(c)(4).

FDA denied petitioners' applications to market fruit, candy, and
dessert-flavored e-cigarette products, concluding that petitioners had not
demonstrated that marketing these products would be appropriate for the
protection of the public health. FDA explained that the types of flavors
used in petitioners' products significantly increase the risk of youth use and
that petitioners had not demonstrated an offsetting benefit to current
smokers. In reaching that conclusion, FDA did not address the specifics of

the marketing plans that petitioners proposed in their applications as a means of reducing youth use.

The en banc Court set aside the denial orders, holding that FDA had changed certain evidentiary standards without notice to regulated entities. *Wages & White Lion Invs., LLC v. FDA*, 90 F.4th 357 (5th Cir. 2024) (en banc). The Court also held that FDA erred in not considering the specifics of petitioners' marketing plans after stating that such plans were critical, *id.* at 372-73, and that this error was not harmless, *id.* at 390. In a footnote, the Court stated that FDA failed to follow notice-and-comment requirements before imposing a "de facto ban on flavored e-cigarettes." *Id.* at 384 n.5.

2. The Supreme Court vacated this Court's judgment, holding that FDA did not "improperly chang[e] its position with respect to scientific evidence, comparative efficacy, or device type," and confirming the agency's "discretion to decide what sort of scientific evidence an applicant was required to submit." *FDA v. Wages & White Lion Invs., LLC*, 145 S. Ct. 898, 916, 919 (2025). The Court also "clarif[ied] the appropriate legal standards governing claims of harmless error" and remanded to this Court "to apply that standard in the first instance" to the question of petitioners' marketing plans. *Id.* at 930-31. While the Court did not reach the question

whether "FDA's decision to issue denials based on standards developed in adjudication violated . . . notice-and-comment rulemaking" requirements, *id.* at 916, it emphasized that "agencies are generally free to develop regulatory standards 'either by general [legislative] rule or by individual order' in an adjudication," *id.* at 915 (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 202-03 (1947)).  And it vacated this Court's opinion and remanded to allow "adequate briefing" on this issue.  *Id.* at 916; *see also id.* at 915 (noting that petitioners only made this "claim in passing"); Pet'rs' En Banc Br., 2023 WL 2264196 (Feb. 22, 2023) (failing to raise this claim at all).  *See generally* Pet'rs' June 2025 Br. 2-3 (proposing supplemental briefing to address this open question).

3.  After the Supreme Court's decision, there is little left for this Court to decide, and FDA intends to further narrow the remaining issues by voluntarily considering the specifics of petitioners' marketing plans.  This review will address any remaining questions about the significance of petitioners' proposed measures for reducing youth use and will thereby further the parties' interests in the efficient resolution of this case.  As petitioners acknowledge, "such review could potentially address the harmless error/remand issue," Pet'rs' June 2025 Br. 4, so as to avoid the

need for further judicial consideration.  FDA plans to administratively stay the marketing denial orders pending this review.

To facilitate orderly proceedings, the government requests that this matter be held in abeyance pending the agency's consideration of petitioners' marketing plans given that the outcome of that review may inform the scope of the parties' briefing.  This Court granted a joint motion to hold proceedings in abeyance under similar circumstances in *SWT Global Supply, Inc. v. FDA*, No. 21-60762 (5th Cir.).

Granting this motion would obviate the need for the government to file a supplemental letter brief by July 9 "regarding the next steps counsel would recommend taking in the above referenced case," as directed by the Court's order of June 11, 2025.  The appropriate next steps will be informed by the agency's determination regarding the significance of petitioners' proposed marketing plans following its review of those proposals.  In the event the Court denies this motion, the government requests an opportunity to file a letter brief regarding next steps within 14 days of the motion's denial.  If the motion is granted, the agency will file a status report with the Court within 60 days of the motion being granted.

4.  Petitioners have declined to provide their position on this request until reviewing the filed motion.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court hold these proceedings in abeyance pending further agency review.

Respectfully submitted,

*/s/ Lindsey Powell*
LINDSEY POWELL
BEN LEWIS
Attorneys, Appellate Staff
Civil Division, Room 7250
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-5372
lindsey.e.powell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.  The participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Lindsey Powell*
LINDSEY POWELL

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Rule 27(d)(1)(E) because it was prepared with Georgia 14-point, a proportionally spaced font, and the motion complies with Rule 27(d)(2)(A) because it contains 961 words, according to the word count of Microsoft Word.

*/s/ Lindsey Powell*
LINDSEY POWELL