THOMPSON HINE

ATLANTA    CINCINNATI    COLUMBUS    NEW YORK
CHICAGO    CLEVELAND    DAYTON    WASHINGTON, D.C.

January 20, 2026                                                                                              *Via ECF*

Hon. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      RE:    *Wages and White Lion Investments, LLC d/b/a Triton Distribution v. FDA*, Case No. 21-60766 (consolidated with No. 21-60800)
             Letter Brief in Response January 16, 2026 Order (ECF No. 426-2)

Dear Mr. Cayce:

      Petitioners submit this letter brief in response to the Court's January 16, 2026 order (ECF No. 426-2). Petitioners respectfully assert that this case should continue before the Court *en banc* and not be assigned to a three-judge panel following the Supreme Court's vacatur of this Court's *en banc* decision in *Food and Drug Administration v. Wages & White Lion Investments, LLC*, 145 S. Ct. 898 (2025).

      The Fifth Circuit has a long history of again considering *en banc* cases that it previously decided *en banc* following vacatur and remand by the Supreme Court. *See United States v. Gonzalez-Longoria*, 893 F.3d 339 (5th Cir. 2018); *Hernandez v. Mesa*, 869, F.3d 357 (5th Cir. 2017); *United States v. Leslie*, 813 F.2d 658 (5th Cir. 1987); *Davis v. Page*, 714 F.2d 512 (5th Cir. 1983); *United States v. Groner*, 494 F.2d 499 (5th Cir. 1974).

      Since at least 2003, the Fifth Circuit's Internal Operating Procedures have provided that "[r]emands from the Supreme Court of the United States are sent to the original panel for disposition when the Supreme Court's judgment is received." 5th Cir. I.O.P. following 5th Cr. R. 27. Thus, both *Gonzalez-Longoria* and *Hernandez* were decided under the current version of this operating procedure, suggesting that its language has never been intended or understood to require cases previously decided *en banc* to be remanded back to a three-judge panel. *See also* 3d

Eric.Heyer@ThompsonHine.com   Fax: 202.331.8330   Phone: 202.263.4128

THOMPSON HINE LLP          1919 M Street, N.W.           www.ThompsonHine.com
ATTORNEYS AT LAW           Suite 700                     Phone: 202.331.8800
                           Washington, D.C. 20036-3537   Fax: 202.331.8330



January 20, 2026    Page 2

Cir. I.O.P. 10.8.7 (requiring remanded cases previously decided *en banc* to again be decided *en banc*); Fed. Cir. I.O.P. 15 (same).

Petitioners submit that the case should be heard on remand by the same judges of this Court that decided the case and issued the opinion and judgment upon which the Supreme Court granted certiorari.[1] Review by the full Court is particularly important here because, in its *en banc* decision, this Court concluded that FDA failed to follow required notice-and-comment procedures before adopting what amounted to a tobacco product standard under 21 U.S.C. § 387g. *Wages & White Lion Invs., LLC v. FDA*, 90 F.4th 357, 384 n.5 (2024). Although Petitioners briefed this notice-and-comment issue before the Supreme Court, in its opinion, the Supreme Court specifically declined to reach the question and "express[ed] no view on its merits":

> The question we agreed to decide is whether the FDA acted arbitrarily and capriciously in denying respondents' applications for premarket approval of their tobacco products. . . . But before tackling that question, we briefly address as a preliminary matter an argument that is touched on in respondents' brief: namely, that either the APA or the TCA required the FDA to use notice-and-comment rulemaking to set out the requirements that must be met in a premarket tobacco product application.
>
> . . . . Of course, if a statute requires rulemaking, the affected agency must comply. . . . And that is what respondents claim in passing here. Respondents' defense of the decision below is based almost entirely on 5 U. S. C. § 706(2)(A) and related case law. But their brief also suggests that the FDA's decision to issue denials based on standards developed in adjudication violated other provisions of the APA and TCA that, they claim, required notice-and-comment rulemaking. See Brief for Respondents 47-49, and n. 33. This echoes

---

[1] Judge Oldham, who wrote the majority *en banc* opinion, was not part of the original merits panel, which consisted of Judge Jones, Judge Haynes, and former Judge Costa.

January 20, 2026                                                                                                          Page 3

> an argument the Court of Appeals made in a short footnote. See 90 F. 4th, at 384, n. 5 (citing 21 U. S. C. §§ 387g(a)(1)(A), (a)(2), (c)-(d)).
>
> We did not grant certiorari on that question, and without adequate briefing, it would not be prudent to decide it here. See *Anza* v. *Ideal Steel Supply Corp.*, 547 U. S. 451, 461, 126 S. Ct. 1991, 164 L. Ed. 2d 720 (2006). Accordingly, we do not reach that question and express no view on its merits.

145 S. Ct. at 915-16.

Because the Supreme Court declined to address this Court's conclusion that FDA failed to comply with notice-and-comment requirements, this Court is not precluded from further considering that issue on remand, along with any issues relating to FDA's review of Petitioners' marketing plans. *See*, *e.g.*, *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 258 (1984) ("On remand Kerr-McGee is free to reassert any claims it made before the Court of Appeals which were not addressed by that court or by this opinion . . . .") (merits later superseded by statute); *Franklin v. Regions Bank*, 125 F.4th 613, 631 (5th Cir. 2025) ("It is difficult to square how the law-of-the-case doctrine or the mandate rule could bar adjudication of an issue that has gone previously unaddressed . . . [and] [s]uch a reading runs headlong into this Court's precedent, previously accepted practices, and common sense."); *see also Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997) ("Broadly speaking, mandates require respect for what the higher court decided, not for what it did not decide."); *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) ("[A]lthough the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it leaves to the [lower] court any issue not expressly or impliedly disposed of on appeal.") (cleaned-up); *Beltran v. Myers*, 701 F.2d 91, 93-94 (9th Cir. 1983) ("In this case, the Supreme Court's *per curiam* decision did not reach the merits of the validity of California's pre-amendment transfer of assets rule . . . [and] [t]herefore, the issue was not foreclosed from reconsideration on remand.").

For these reasons, the case should continue before the *en banc* Court.

THOMPSON HINE

January 20, 2026 Page 4

                         Respectfully submitted,

                         /s/ Eric N. Heyer

                         *Counsel for Petitioners*
                         *Wages and White Lion Investments, LLC*
                         *d/b/a Triton Distribution and Vapetasia LLC*

cc (via CM/ECF):  Counsel of Record