

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7250
Washington, DC 20530

Tel: 202.514.2494

January 27, 2026

VIA CM/ECF

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA
70130-3408

RE:　　*Wages & White Lion Investments, LLC v. FDA*
　　　　Nos. 21-60766 & 21-60800 (5th Cir.)

Dear Mr. Cayce:

The government submits this letter in response to the Court's order of January 16, 2026.

1. In this case, FDA denied petitioners' applications to market fruit-, candy-, and dessert-flavored e-cigarette products, concluding that petitioners had not demonstrated that marketing these products would be appropriate for the protection of the public health. A panel of this Court initially upheld the denial orders, 41 F.4th 427 (5th Cir. 2022), but the Court granted rehearing en banc and vacated the panel decision, 58 F.4th 233 (5th Cir. 2023) (Mem.). Before the en banc Court, petitioners challenged the denial on two grounds: (i) that FDA had allegedly changed certain evidentiary standards without notice to regulated entities, and (ii) that FDA did not consider certain evidence in the applications, including the specifics of petitioners' marketing plans. Petitioners' En Banc Brief 32-58 (Feb. 22, 2023), Dkt. No. 252-1. The en banc Court granted the petitions for review and set aside the marketing denial orders. 90 F.4th 357 (5th Cir. 2024) (en banc).

The Supreme Court vacated the judgment of the en banc Court, reversing as to the first issue and remanding the case for further proceedings as to the second. *FDA v. Wages & White Lion Invs., LLC*, 604 U.S. 542 (2025). It held that FDA did not "improperly chang[e] its position with respect to scientific evidence, comparative efficacy, or device type." *Id.* at 567. With respect to FDA's consideration of petitioners' marketing plans, the Supreme Court "clarif[ied] the appropriate legal standards governing claims of harmless error" and remanded "to apply that standard in the first instance." *Id.*; *see also id.* at 591.

Following remand from the Supreme Court, FDA voluntarily considered the specifics of petitioners' marketing plans. *See* Letter from FDA 2-3 (July 13, 2025), Dkt. No. 397. FDA found that neither those marketing plans, nor any other mitigation measures petitioners proposed to reduce the risk of youth initiation and use of petitioners' products, affect the determination that there is a lack of showing that permitting such tobacco products to be marketed would be appropriate for the protection of the public health. *See* Status Report 2 (Dec. 15, 2025), Dkt. No. 417. Following that review, the only potential issues that remain in the case are case-specific challenges to the agency's consideration of the marketing plans—issues that petitioners may raise now for the first time following FDA's review.

2. This Court should remand the case to a panel of this Court for any further proceedings on the marketing-plan issue. The default rule in the Fifth Circuit is that remands from the Supreme Court are "sent to the original panel for disposition when the Supreme Court's judgment is received." 5th Cir. I.O.P. following 5th Cir. R. 27. That is the course this Court recently took in *Consumers' Research v. FCC*. *See* Order, *Consumers' Research v. FCC*, No. 22-60008 (5th Cir. Sept. 15, 2025), Dkt. No. 412-2 (returning the case to the original panel after remand from the Supreme Court).

Returning the case to the original panel makes sense in these circumstances.[1] Fifth Circuit Rule 40.2.1 provides that "en banc hearing or rehearing is not favored" as even requests for hearing en banc are "a serious

---

[1] The original panel in this case included former Judge Costa, who would need to be replaced with another judge.

call on limited judicial resources." Federal Rule of Appellate Procedure 40 sets forth "rigid standards" for when en banc review will be granted, *id.*, and none of those circumstances apply here. Because FDA had not yet reviewed petitioners' marketing plans, the panel did not previously consider any potential challenges to FDA's review of those plans, and there is thus no panel decision on the issue that could conflict with another decision of this Court, the Supreme Court, or another court of appeals. *Cf.* Fed. R. App. P. 40(b)(2)(A)-(C). Nor do petitioners contend that any potential challenges to FDA's review of the marketing plans will raise an issue of exceptional importance. *Cf.* Fed. R. App. P. 40(b)(2)(D). The marketing-plan issue is not a candidate for initial en banc consideration. *Cf. Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 263 (5th Cir. 2025) (Ho, J., concurring) ("We need not decide every issue en banc, but may instead leave non-en banc worthy issues for the original panel to address.").

3. Petitioners argue that the case should be heard on remand by the en banc Court because they intend to raise a notice-and-comment challenge to the marketing denial order. But the panel decision did not resolve any notice-and-comment challenge, and petitioners forfeited any notice-and-comment argument by not raising it before the en banc Court, *see generally* Petitioners' En Banc Brief, Dkt. No. 252-1. The en banc Court's three-sentence mention of the issue in a footnote, *see* 90 F.4th at 384 n.5, does not allow petitioners to raise a forfeited argument. In any event, a panel would be able to consider this issue of forfeiture—and, if appropriate, the effect of the en banc Court's footnote and the merits of the notice-and-comment argument—in the first instance. Petitioners provide no explanation for their assertion that it is "particularly important" that this issue be considered by the en banc Court in the first instance. Pet'rs' Letter Br. 2.

Accordingly, the government respectfully submits that the case should be returned to the original panel for further proceedings.

Dated: January 27, 2026									Respectfully submitted,

JOSHUA M. KOPPEL

*/s/ Ben Lewis*
BEN LEWIS
Attorneys, Appellate Staff
Civil Division, Room 7250
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2494
benjamin.r.lewis@usdoj.gov