THOMPSON
HINE

ATLANTA          CINCINNATI          COLUMBUS          NEW YORK
CHICAGO          CLEVELAND          DAYTON          WASHINGTON, D.C.

May 20, 2026                                                    *Via ECF*

Hon. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      RE:   *Wages and White Lion Investments, LLC d/b/a Triton Distribution v. FDA*, Case No. 21-60766 (consolidated with No. 21-60800)

Dear Mr. Cayce:

Petitioners submit this response to FDA's recent letter regarding the agency's authorization of Glas, Inc.'s non-tobacco-flavored ENDS containing device-access restriction technology.

FDA's marketing authorization for GLAS's products supports Petitioners' contentions that, as memorialized in its August 17, 2021 memorandum, A167, FDA adopted a rule requiring that non-tobacco-flavored ENDS outperform tobacco-flavored ENDS with regard to switching away from combustible cigarettes over time for non-tobacco-flavored ENDS products to be authorized.

Footnote v on the first page of the August 17, 2021 memorandum states: "Devices determined to include technology to lock the device or otherwise effectively limit access to adult users of legal age *are outside the scope of this memo*." A167 (emphasis added). In other words, since the inception of its rule requiring longitudinal comparative efficacy evidence, FDA has consistently excluded ENDS *devices* containing an effective device-access-restriction technology from the operation of the rule. And Petitioners do not sell a device, but rather bottled e-liquid, which is merely a component that must be paired with a refillable device to create a functional ENDS product. FDA has never suggested how a technology could be designed to effectively age-gate a plastic dropper bottle of e-liquid.

Eric.Heyer@ThompsonHine.com   Fax: 202.331.8330   Phone: 202.263.4128

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W.
Suite 700
Washington, D.C. 20036-3537

www.ThompsonHine.com
Phone:  202.331.8800
Fax:  202.331.8330

THOMPSON
HINE

FDA's August 17, 2021 memorandum also states: "It is theoretically possible that significant mitigation efforts could adequately reduce youth access . . . such that the risk for youth initiation would be reduced. [However,] we are not aware of access restrictions that, to date, have been successful in sufficiently decreasing the ability of youth to obtain and use ENDS." A175 n.xxii. Like the rest of the August 17, 2021 memorandum, this statement was copied verbatim in FDA's technical project lead (TPL) reviews on Petitioners' applications and in FDA's sample TPL review published on September 17, 2021. A93 n.xix; A145 n.xix; FDA, Sample Technical Project Lead Review of ENDS-Product PMTA (Sept. 17, 2021), https://bit.ly/304PSyH, at 11 n.xix.

FDA has now merely authorized an ENDS *device* that, because it contains an effective access restriction technology, falls outside the scope of the rule memorialized in FDA's August 17, 2021 memorandum. Such does not render Petitioners' denial orders the result of case-by-case adjudication.

Respectfully submitted,

/s/ Eric N. Heyer

*Counsel for Petitioners*
*Wages and White Lion Investments, LLC*
*d/b/a Triton Distribution and Vapetasia LLC*

cc (via CM/ECF):  Counsel of Record



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of May, 2026, I caused the foregoing to be electronically filed with the Clerk via the Court's ECM/ECF system, and thereby to be electronically served on all counsel of record.

<u>      /s/ Eric N. Heyer      </u>